## SOLOMON K. LO AND MARY K. LO, HIS WIFE, v. THE FIRST TRUST COMPANY OF HILO, LIMITED.

### No. 1213.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

ARGUED OCTOBER 20, 1919.                    DECIDED OCTOBER 22, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF COKE, C. J., ABSENT.

CONTRACTS—*modification—requisites of modifying agreement.*

It is competent for the parties to a simple contract in writing to modify it or to vary or qualify its terms by oral agreement and thus make it a new one, but the new agreement must have all the requisites of a valid or enforceable agreement or it will not be binding. While no particular form is required mere indefinite expressions cannot constitute a modification.

OPINION OF THE COURT BY KEMP, J.

This is an appeal by the complainants from a decree dismissing their bill. The suit was instituted by Solomon K. Lo and Mary K. Lo, his wife, against The First Trust Company of Hilo, Limited, a corporation, seeking the specific performance of a contract and for an accounting. It appears that on the 18th day of May, 1917, the complainants and the respondent entered into a written contract or agreement whereby the complainants were to, and did, convey to the respondent that certain premises in the city of Hilo known as the Lo property. In consideration of this conveyance the respondent agreed upon certain conditions, hereinafter set forth, to convey to the complainants certain other property situated in the city of Hilo and known as the Bischoff property and to pay to

the complainants the sum of $2000. The condition upon which the conveyance by the respondent to the complainants of the Bischoff property was to be made and the $2000 paid was that the respondent should apply to the land court to register its title to the property conveyed to it by the complainants and if upon such application its title should be registered and confirmed as an unincumbered title in fee simple to the whole of said property conveyed then the respondent would convey to the complainants the Bischoff property and pay to said complainants the said sum of $2000, but if the land court should fail or refuse to decree to respondent an unincumbered title in fee simple to the whole of said property then the respondent to reconvey to the complainants by quitclaim deed the whole of said property theretofore conveyed to it and the respondent to be under no further obligation to pay any consideration whatsoever to the complainants, the complainants agreeing in this event to reimburse the respondent for all expenses including court costs, attorney's fees and other expenditures in connection with the application to register the title to said land. It is the claim of complainants that subsequent to the execution of said contract the same was modified by an oral agreement entered into between complainants and respondent on or about the 20th day of November, 1917, whereby the respondent agreed that if the complainant Solomon K. Lo would have his life insured in the sum of $5000 in favor of the respondent respondent would pay all premiums on said life insurance policy and would convey to complainants the Bischoff property and pay them the said sum of $2000 regardless of whether it secured the registered title to the Lo property in fee simple; that the proposition was accepted by the complainants and the life insurance policy procured upon the life of said complainant in favor of said respondent.

The complainants sought to establish the modification of the written contract and to have specific performance thereof as modified. The respondent admits the contract of May 18, 1917, but denies the oral modification of November 20 as claimed by complainants. If the modification of the contract was established the complainants are entitled to the relief sought. On the other hand, if they failed to establish the modification they have failed to show a right to any relief.

Upon the trial it was stipulated by the parties that the respondent in accordance with the contract of May 18, 1917, filed in the land court of the Territory of Hawaii a petition to have confirmed in it the unincumbered fee simple title to the Lo property and prosecuted said petition to final decree; that said petition was duly heard and it was finally decreed that the title of said Solomon K. Lo, and the title of his grantee in said land, was derived from J. W. K. Lo by deed dated February 9, 1911, and that said deed vested in said Solomon K. Lo only a life estate for the life of him the said Solomon K. Lo, and that his subsequent grantee obtained from him only such life estate and was not entitled to the fee simple title, which said decree is now, as then, of full force and effect.

The controversy therefore centered around the question of whether or not there had been a modification of the original contract as claimed by complainants. The circuit judge found against the claim of complainants and dismissed their bill. In this we think he was amply justified by the evidence, both oral and documentary. It is competent for the parties to a simple contract in writing either altogether to waive, dissolve or abandon it, to add to, change or modify it or to vary or qualify its terms and thus make it a new one. In such case the contract must be proved partly by the written and partly by the subsequent oral contract which has thus been incorporated

into and made a part of the original one.    (6 R. C. L. p. 914, Sec. 299.)    The new agreement must have all the requisites of a valid or enforceable agreement or it will not be binding.    While no particular form is required mere indefinite expressions cannot constitute a modification. (13 C. J. p. 590, Sec. 605.)

The transaction of November 20, 1917, which resulted in the insurance of the life of the complainant Solomon K. Lo, the circumstances of which are testified to both by the complainants and Mr. Mariner, an official of the respondent corporation, does not in our opinion show a modification of the original contract. The most that can be said of this evidence, when viewed most favorably for the complainants, is to the effect that after it had been ascertained that the complainant Solomon K. Lo possessed only a life estate in the Lo property and therefore could convey to the respondent only such life estate the respondent requested the complainant Solomon K. Lo to have his life insured in its favor in order to protect it against loss by reason of its failure to procure the fee simple title to the Lo property.

It is shown by uncontroverted evidence that between the time of the execution of the contract of May 18, 1917, and the 20th of November, 1917, when said insurance was procured, that the complainants had become indebted to the respondent in a sum in excess of $1000 and it is shown by credible evidence that this sum exceeded $2000. There is also ample evidence to justify the conclusion that the respondent desired this insurance upon the life of complainant to secure it against loss by reason of these advancements.    At any rate there is nothing in the testimony of any of the witnesses which shows a definite agreement between the parties to modify or change any of the terms of the contract as entered into originally.    That this was not the intention of the parties to the transaction of November 20, 1917, is further borne out by certain instru-

ments which were afterwards executed by the complainants on March 9, 1918, one of which was a paid-up lease executed by the complainants to the respondent of the Lo property for the life of said Solomon K. Lo in consideration of the sum of $3000, the receipt of which is acknowledged, and the other being a relinquishment of all right, title and claim which the complainants had in the Bischoff property and the confirmation of the assignment of the insurance policies on the life of said Solomon K. Lo to said respondent.

We think that the complainants wholly failed to establish the modification of the contract as claimed and have therefore failed to show themselves entitled to any relief.

The decree appealed from is affirmed.

*A. G. Correa,* for complainants, submitted the case upon the brief.

*S. S. Rolph* (*Carlsmith & Rolph* on the brief) for respondent.